

# The Attorney General of Texas

October 31, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Joe Resweber
County Attorney
County of Harris
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No.  MW-263

Re:   Filing assumed name certificates

Dear Mr. Resweber:

You have asked the following questions concerning chapter 36 of the Texas Business and Commerce Code, otherwise known as the Assumed Business or Professional Name Act:

> (1) Is the County Clerk required to file for record a Certificate of Assumed Name for a partnership or joint venture consisting of partners or joint venturers which are individuals, partnerships, corporations, and trusts whenever the certificate states the name and address of a partner or joint venturer as follows:
>
> > (A) The trust is listed with only the name and office address of the trustee.
> >
> > (B) The trust is listed with only the name and residence address of the trustee.
> >
> > (C) The corporation is listed with only its name and office address.
> >
> > (D) The partnership is listed with only its name and office address.
>
> (2) May the County Clerk file for record a Certificate of Assumed or Professional Name in the instances mentioned in Question No. 1?
>
> (3) Is the County Clerk authorized to question the name or address of a registrant in connection with the filing of an assumed name certificate?

The relevant provisions of the act are as follows:

### §36.10.  For Unincorporated Business or Profession

(a) Any person who regularly conducts business or renders professional services other than as a corporation in this state under an assumed name shall file in the office of the county clerk. . . a certificate setting forth:

(1)   the assumed name under which such business or professional service is or is to be conducted or rendered;

(2)   if the registrant is:

(A)   an individual, his full name and residence address;

(B)   a partnership, (i) the venture or partnership name, (ii) the venture or partnership office address, and (iii) the full name of each joint venturer or general partner and his residence address if he is an individual or its office address if not an individual;

(C)   an estate, (i) the name of the estate, (ii) the estate's office address, if any, and (iii) the full name of each representative of the estate and his residence address if he is an individual or its office address if not an individual;

(D)   a real estate investment trust, (i) the name of the trust, (ii) the address of the trust, (iii) the full name of each trustee manager and his residence address if he is an individual and its office address if not an individual; or

(E)   a company other than a real estate investment trust, or a corporation, (i) the name of the company or corporation, (ii) the state, country, or other jurisdiction under the laws of which it was organized, incorporated, or associated, and (iii) its office address;

### §36.02.  Definitions

In this chapter, unless the context otherwise requires:

p. 837

(1)  'Partnership' means a joint venture, general partner-
ship, or limited partership.

(2)  'Company' means a real estate investment trust,
joint-stock company, or any other business, profes-
sional, or other association or legal entity that is not
incorporated other than a partnership.

. . . .

(4)  'person' includes an individual, partnership, company,
or corporation.

. . . .

(8)  'Registrant' means any person that has filed, or on
whose behalf there has been filed, an assumed name
certificate under the provisions of this chapter or
other law.

Your questions require us to determine what information must be included on the
assumed name certificate you inquire about.  In Attorney General Opinion H-426 (1974)
this office determined that an assumed name certificate must contain all the
information required by law before the county clerk is required to record it.  "Although
the clerk is not responsible for verifying the accuracy of the information contained in
an assumed name certificate,. . . he may refuse to record a certificate which is clearly
defective on its face."  Attorney General Opinion H-426; see Attorney General Opinion
M-578 (1970).

Only the "registrant" is required to file an assumed name certificate.  The
registrant which you inquire about is a partnership conducting business under an
assumed name.  Section 36.10(2)(B) provides that the certificate filed by a partnership
or joint venturer shall set forth the full name of each joint venturer or general partner
and his residence address if he is an individual or its office address if it is not an
individual.  In answer to your first question, the clerk must file an assumed name
certificate which gives the name and office address of a corporation or partnership
which participates as a joint venturer or a general partner in the registrant. If a trust
is one of the general partners or joint venturers, the certificate must be filed if it
gives the name of the trust and its office address.  In some cases, the address of the
trust may also be the address of the trustee.

In view of our answer to your first question, we need not answer your second
question.  We believe your third question has been answered by Attorney General
Opinion H-426 (1974) which stated that the clerk is not responsible for verifying the
accuracy of a certificate; however, he may refuse to file a certificate which is
defective on its face.

## SUMMARY

Section 36.10 of the Texas Business and Commerce Code requires an assumed name certificate to state the name and address of each participant in a partnership or joint venture. Although the county clerk is not required to verify the accuracy of a certificate, he may refuse to file one which is defective on its face.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Bruce Youngblood